**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **CORTNEY SHORTER, INDIVIDUALLY AND AS NEXT FRIEND OF H.S. AND E.P., minors;** | § § § § | |
| **Plaintiff,** | § § | |
| **VS.** | § § | **CASE NO. 6:17-cv-00183** |
| **MAICOL LINARES-AQUIAN; AND WEST BOUND EXPRESS, INC.;** | § § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DISCOVERY REQUESTS TO**
<u>**DEFENDANTS**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Cortney Shorter, Individually and as Next Friend of H.S. and E.P., minors, complaining of Defendants Maicol Linares-Aquian and West Bound Express, Inc., and for cause of action would respectfully show the Court and Jury the following:

<u>**PARTIES**</u>

1.      Plaintiff, Cortney Shorter, is a resident citizen of Euless, Tarrant County, Texas. Plaintiff Cortney Shorter is the mother of minor Plaintiffs H.S. and E.P.

2.      Defendant Maicol Linares-Aquian is an individual resident of Lynwood, Los Angeles County, California and may be served with process at 3326 ½ Norton Ave., Lynwood, CA 90262.

3.      Defendant West Bound Express, Inc. is a corporation doing business in Hawthorne, Los Angeles County, California and may be served with process by serving its registered agent Natalie E. Morroquin at 2230 W. Cypress St., #1, Compton, CA 90220.

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 1**

## JURISDICTIONAL FACTS

4.      This Court has jurisdiction in this case pursuant to US Code 1332,

Diversity of citizenship. At the time this cause of action was commenced,

Defendant Maicol Linares-Aquian resided in Lynwood, CA and Defendant West Bound

Express, Inc. was and is incorporated under the laws of California and whose principal

place of business is in Hawthorne, California.

5.      Plaintiff's damages are in excess of the minimum jurisdictional limits of

$75,000.

## VENUE FACTS

6.      Venue is proper in the Waco Division of the Western District of Texas

because the incident made the basis of this suit occurred in Bell County, Texas, located

within the boundaries of the Waco Division of the Western District of Texas.

## FACTUAL BACKGROUND

7.      This lawsuit arises out of a motor vehicle collision that occurred on

Sunday, July 24, 2016 on IH-35 at or near Exit 308 (FM 935) within the city limits of

Troy, Bell County, Texas.  Plaintiff Cortney Shorter was operating her vehicle

northbound on IH-35 and was slowing down for traffic stopping ahead.  Defendant

Maicol Linares-Aquian was operating his 18-wheeler, owned by Defendant West Bound

Express, Inc., behind Plaintiff's vehicle in the same lane and headed in the same

direction.  Defendant Maicol Linares-Aquian failed to slow and/or stop, colliding hard

with the back of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and

continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION AGAINST DEFENDANT

8.      **NEGLIGENCE – DEFENDANT MAICOL LINARES-AQUIAN**

At the time of the motor vehicle collision, Defendant Maicol Linares-Aquian was operating his 18-wheeler negligently.  Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

A.      Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

B.      Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

C.      Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

D.      Defendant failed to control his speed; and

E.      Defendant failed to safely operate his 18-wheeler.

9.      **NEGLIGENT ENTRUSTMENT – DEFENDANT WEST BOUND EXPRESS, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant West Bound Express, Inc. was the owner of the vehicle driven by Defendant Maicol Linares-Aquian.  Defendant West Bound Express, Inc. entrusted the vehicle to Defendant Maicol Linares-Aquian. Defendant Maicol Linares-Aquian was unlicensed, incompetent, and/or reckless and Defendant West Bound Express, Inc. knew or should have known that Defendant Maicol Linares-Aquian was unlicensed, incompetent, and/or reckless.  Defendant Maicol Linares-Aquian's negligence on the occasion in question proximately caused the collision.

10.  **RESPONDEAT SUPERIOR – DEFENDANT WEST BOUND EXPRESS, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Maicol Linares-Aquian was in the course and scope of his employment with Defendant West Bound Express, Inc.. thereby making Defendant West Bound Express, Inc. liable under the doctrine of *Respondeat Superior*.

11.  **NEGLIGENCE – DEFENDANT WEST BOUND EXPRESS, INC.**

Defendant West Bound Express, Inc. negligently hired and retained Defendant Maicol Linares Aquian. Moreover, Defendant West Bound Express, Inc. failed to properly qualify, train and/or supervise Defendant Maicol Linares Aquian in order to prevent such accident.

12.  **GROSS NEGLIGENCE – DEFENDANT WEST BOUND EXPRESS, INC.**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant West Bound Express, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and to other users of the public roadways. Defendant had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs, when it chose to allow Maicol Linares-Aquian to operate a vehicle under Defendant's motor carrier authority on public roadways at the time of the collision.

13.  Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

14.     As a proximate result of Defendants' negligence, Plaintiff suffered

extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the

following damages:

      a.     Medical expenses in the past and future;

      b.     Lost wages in the past and loss of earning capacity in the future;

      c.     Physical impairment in the past and future;

      d.     Physical pain and suffering in the past and future; and

      e.     Mental anguish in the past and future.

## REQUEST FOR JURY TRIAL

15.     Plaintiff hereby demands a trial by jury and includes the appropriate jury

fee.

## RELIEF

16.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing thereof,

Plaintiff have:

      a.     Judgment against Defendants for Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

      b.     Judgment against Defendants for Plaintiffs' future medical expenses;

      c.     Judgment against Defendants for Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

      d.     Judgment against Defendants for Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

      e.     Judgment against Defendants for Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

f.      Judgment against Defendants for Plaintiff Cortney Shorter's lost wages in the past and lost earning capacity in the future;

g.      Interest on the judgment at the legal rate from the date of judgment;

h.      Pre-judgment interest on Plaintiff's damages as allowed by law;

i.      All costs of court; and

j.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: _____

**SHELLY T. GRECO**
State Bar No. 24008168
sgreco@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
Eberstein & Witherite, LLP
10440 N. Central Expressway
Suite 400
Dallas, TX 75231
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 6**