IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CORTNEY SHORTER, INDIVIDUALLY AND AS NEXT FRIEND OF H.S. AND E.P., minors; <br><br> Plaintiff, <br><br> VS. <br><br> MAICOL LINARES-AQUIAN; WEST BOUND EXPRESS, INC.; AND PYRAMID LOGISTICS, LLC; <br><br> Defendants. | CASE NO. 6:17-cv-00183 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Cortney Shorter, Individually and as Next Friend of H.S. and E.P., minors, complaining of Defendants Maicol Linares-Aquian, West Bound Express, Inc., and Pyramid Logistics, LLC, and for cause of action would respectfully show the Court and Jury the following:

**PARTIES**

1. Plaintiff, Cortney Shorter, is a resident citizen of Euless, Tarrant County, Texas. Plaintiff Cortney Shorter is the mother of minor Plaintiffs H.S. and E.P.

2. Defendant Maicol Linares-Aquian is an individual resident of Lynwood, Los Angeles County, California and has answered and appeared herein.

3. Defendant West Bound Express, Inc. is a corporation doing business in Hawthorne, Los Angeles County, California and has answered and appeared herein.

4. Defendant Pyramid Logistics, LLC is a corporation doing business in Hawthorne, Los Angeles County, California and may be served with process by serving its registered agent Sandra E. Ramirez at 1553 W. 106th Street, Los Angeles, CA

**PLAINTIFF'S FIRST AMENDED COMPLAINT - PAGE 1**

90047.

## JURISDICTIONAL FACTS

5. This Court has jurisdiction in this case pursuant to US Code 1332, Diversity of citizenship. At the time this cause of action was commenced, Defendant Maicol Linares-Aquian resided in Lynwood, CA and Defendant West Bound Express, Inc. was and is incorporated under the laws of California and whose principal place of business is in Hawthorne, California.

6. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## VENUE FACTS

7. Venue is proper in the Waco Division of the Western District of Texas because the incident made the basis of this suit occurred in Bell County, Texas, located within the boundaries of the Waco Division of the Western District of Texas.

## FACTUAL BACKGROUND

8. This lawsuit arises out of a motor vehicle collision that occurred on Sunday, July 24, 2016 on IH-35 at or near Exit 308 (FM 935) within the city limits of Troy, Bell County, Texas.  Plaintiff Cortney Shorter was operating her vehicle northbound on IH-35 and was slowing down for traffic stopping ahead.  Defendant Maicol Linares-Aquian was operating his 18-wheeler, owned by Defendant Pyramid Logistics, LLC.  Defendant Maicol Linares-Aquian was in the course and scope of his employment with Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC,  and was operating under the Federal Motor Carrier authority of Defendant West Bound Express, Inc.  Defendant Maicol Linares-Aquian  was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction when he failed to slow and/or stop, colliding hard with the back of Plaintiff's

vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION AGAINST DEFENDANTS

9. **NEGLIGENCE – DEFENDANT MAICOL LINARES-AQUIAN**

At the time of the motor vehicle collision, Defendant Maicol Linares-Aquian was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

- A. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

- B. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

- C. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

- D. Defendant failed to control his speed; and

- E. Defendant failed to safely operate his 18-wheeler.

10. **NEGLIGENT ENTRUSTMENT – PYRAMID LOGISTICS, LLC**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Pyramid Logistics, LLC was the owner of the vehicle driven by Defendant Maicol Linares-Aquian. Defendant Pyramid Logistics, LLC entrusted the vehicle to Defendant Maicol Linares-Aquian. Defendant Maicol Linares-Aquian was unlicensed, incompetent, and/or reckless and Defendant Pyramid Logistics, LLC knew or should have known that Defendant Maicol Linares-Aquian was unlicensed, incompetent, and/or reckless. Defendant Maicol Linares-Aquian's negligence on the occasion in question proximately caused the collision.

11. **RESPONDEAT SUPERIOR – DEFENDANT WEST BOUND EXPRESS, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Maicol Linares-Aquian was operating his 18-wheeler under the Federal Motor Carrier authority of Defendant West Bound Express, Inc. and as such West Bound Express, Inc. was the statutory employer of Defendant Linare-Aquian pursuant to the Federal Motor Carrier Regulations making Defendant West Bound vicariosly liable for Defendant Maicol Linares-Aquian's actions and/or inactions under the doctrine of *Respondeat Superior*.

12. **NEGLIGENCE – DEFENDANT WEST BOUND EXPRESS, INC. AND DEFENDANT PYRAMID LOGISTICS, LLC**

Defendant Maicol Linares-Aquian was screened and approved for employment with Defendant West Bound Express, Inc. by employees of Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC.

Therefore, Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC negligently hired and retained Defendant Maicol Linares-Aquian. Moreover, Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC failed to properly qualify, and/or train Defendant Maicol Linares-Aquian in order to prevent such incident. Further, Defendant Maicol Linares Aquian was supervised and directed in his daily duties under the control of employees of Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC.  Based on information and belief, Defendant Maicol Linares-Aquian may have been a joint employee of Defendant West Bound Express, Inc. and Defendant Pyramid Logistics, LLC

Additionally, on information and belief, Defendant Pyramid Logistcs, LLC was the owner of the tractor being driven by Defendant Maicol Linares-Aquian and was responsible for the maintenance and safety of the tractor being driven by Defendant

**PLAINTIFF'S FIRST AMENDED COMPLAINT - PAGE 4**

Maicol Linares-Aquian.

13. **GROSS NEGLIGENCE – DEFENDANT WEST BOUND EXPRESS, INC. AND DEFENDANT PYRAMID LOGISTICS, LLC**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant West Bound Express, Inc. and/or Defendant Pyramid Logistics, LLC, because Defendants' conduct was of such character as to constitute gross negligence. Defendants' actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and to other users of the public roadways. Defendants had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs, when it chose to allow Maicol Linares-Aquian to operate a vehicle under Defendants' motor carrier authority on public roadways at the time of the collision.

14. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

15. As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a. Medical expenses in the past and future;

    b. Lost wages in the past and loss of earning capacity in the future;

    c. Physical impairment in the past and future;

    d. Physical pain and suffering in the past and future; and

    e. Mental anguish in the past and future.

## **REQUEST FOR JURY TRIAL**

16. Plaintiff hereby demands a trial by jury and has paid the appropriate jury fee.

## **RELIEF**

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff have:

   a. Judgment against Defendants for Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

   b. Judgment against Defendants for Plaintiffs' future medical expenses;

   c. Judgment against Defendants for Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

   d. Judgment against Defendants for Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

   e. Judgment against Defendants for Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

   f. Judgment against Defendants for Plaintiff Cortney Shorter's lost wages in the past and lost earning capacity in the future;

   g. Interest on the judgment at the legal rate from the date of judgment;

   h. Pre-judgment interest on Plaintiff's damages as allowed by law;

   i. All costs of court; and

   j. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: *[signature: Shelly Greco]*

**SHELLY T. GRECO**
State Bar No. 24008168
sgreco@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
awitherite@ewlawyers.com
Eberstein & Witherite, LLP
10440 N. Central Expressway
Suite 400
Dallas, TX 75231
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document of the foregoing has been forwarded to all counsel of record on this 16th day of April, 2018 pursuant to the Federal Rules of Civil Procedure.

*[signature: Shelly Greco]*

**Shelly Greco**

Darrell G. Adkerson
Jeffrey D. Antonson
Adkerson, Hauder & Bezney, P.C.
1700 Pacific Avenue
Suite 4450
Dallas, TX  75201-7323